NO. 07-03-0246-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 14, 2003



______________________________




BILLIE F. MCKINNON, APPELLANT



V.



TEXAS REHABILITATION COMMISSION, APPELLEE


 

_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-520,011; HONORABLE J. BLAIR CHERRY, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Billie F. McKinnon, appellant, attempts to appeal the trial court's Order Granting
Summary Judgment. For the reasons expressed herein, we dismiss the appeal. 

 Unless a party is excused from paying such fees, the clerk of the court of appeals
must collect any filing fees set by statute or the Supreme Court. Tex. R. App. P. 5 and
12.1(b). The appellate court, on its own initiative after giving ten days notice to all parties,
may dismiss the appeal or affirm the appealed judgment or order. Tex. R. App. P. 42.3. 
Dismissal may occur if the appeal is subject to dismissal for want of prosecution. Tex. R.
App. P. 42.3(b). Dismissal may also occur because the appellant has failed to comply with
a requirement of the Rules of Appellate Procedure, a court order, or a notice from the clerk
requiring a response or other action within a specified time. Tex. R. App. P. 42.3(c). 

 By letter dated May 21, 2003, the clerk notified the parties that the Notice of Appeal
had been received but that the $125.00 filing fee in this appeal had not been paid. The
clerk also notified the parties that no further action would be taken on the appeal until the
fee was paid and that failure to pay the fee might result in dismissal. Neither party
responded to this notice and the fee remained unpaid. 

 No filing fee has been paid to date. No records have been filed in this matter and
appellant has not filed a brief. There has been no indication that the parties wish to pursue
the appeal. Accordingly, we dismiss the appeal for want of prosecution and failure to
comply with a notice from the clerk requiring a response within ten days.


 Phil Johnson

 Chief Justice



 



 center">PANEL B

SEPTEMBER 22, 2008
______________________________

CORNELIUS SHERRELL GREER a/k/a CORNELIUS GREER, 

                                                                                                           Appellant
v.

THE STATE OF TEXAS, 

                                                                                                           Appellee
_________________________________

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY;

NO. 1037649-D; HON. SHAREN WILSON, PRESIDING
_______________________________

                                                   Memorandum Opinion
                                         _______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant, Cornelius Sherrell Greer, appeals in one issue from his conviction of
unlawful possession of a firearm by contending the evidence is legally insufficient to
sustain it. We disagree and affirm the conviction. 
          The standard by which we consider a legal sufficiency challenge is found in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We refer the parties to
that case for its explanation. 
          One unlawfully possesses a firearm when he has been convicted of a felony and
possesses a firearm within five years from the person’s release from confinement or
supervision under community supervision, parole, or mandatory supervision, whichever
date is later. Tex. Pen. Code Ann. §46.04(a)(1) (Vernon Supp. 2008). Appellant stipulated
that the alleged offense occurred within five years of his release from confinement for a
felony conviction. Thus, we need only determine whether the evidence was sufficient to
establish that appellant possessed a firearm. 
          According to the record before us, the police were called to appellant’s residence
as a result of a domestic disturbance between appellant and his wife. The wife’s sister,
Windy Biggers, who was present during the alleged dispute, testified that she saw
appellant walk out of the bedroom with a large rifle in his hand, walk outside, and place the
gun in his wife’s SUV. She identified a gun at trial as one similar to that which appellant
was carrying. Although police recovered a rifle in the vehicle identified by Biggers and
appellant had keys to that vehicle in his pocket when arrested, appellant contends that the
evidence is legally insufficient because the police failed to fingerprint the gun or “to protect
the firearm for further analysis” and one witness was intoxicated and hysterical. 
          The testimony of one eyewitness is sufficient to sustain a conviction. Johnson v.
State, 176 S.W.3d 74, 78 (Tex. App.–Houston [1st Dist.] 2004, pet. ref’d); Lewis v. State,
126 S.W.3d 572, 575 (Tex. App.–Texarkana 2004, pet. ref’d).


 Moreover, the witness who
was allegedly intoxicated and hysterical was appellant’s wife, not Biggers.


 In addition, 
there was corroborating evidence by way of the location of the gun and appellant’s
possession of the keys to the vehicle. Thus, the evidence provided by Biggers that
appellant had possession of a firearm, if believed by the jury, was legally sufficient to
support the jury’s verdict. 
          Accordingly, appellant’s issue is overruled, and the judgment is affirmed.
 
                                                                           Per Curiam

Do not publish.